# United States District Court
## Eastern District of Wisconsin

| UNITED STATES OF AMERICA | |
|---|---|
| V. | **JUDGMENT IN A CRIMINAL CASE** |
| MOHAMMED KAZIM ALI | **Case Number: 24-CR-8-JPS-2**<br>Marshal Number: 98795-510 |

| Richard Blake | Michael Carter, Julie Stewart |
|---|---|
| Defendant's Attorney | Assistant United States Attorneys |

**THE DEFENDANT:**

Pled guilty to Count Five of the Indictment.

| Title & Section | Nature of Offense | Date Concluded | Count(s) |
|---|---|---|---|
| 42 U.S.C. § 1320a-7b(b)(2) | Offering and Paying Kickbacks | January 22, 2019 | Five |

The defendant is sentenced as provided in sheets 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that Counts One and Six of the Indictment be and the same are hereby DISMISSED.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date Sentence Imposed: January 24, 2025

_____
J. P. Stadtmueller
U.S. District Judge

Date Judgment Signed: January 28, 2025

AO 245B (Rev.06/05) Sheet 2 – Imprisonment     Judgment Page 2 of 6

Defendant: Mohammed Kazim Ali
Case Number: 24-CR-8-JPS-2

# IMPRISONMENT

The defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a total term of fifteen (15) months as to Count Five of the Indictment.

The Court makes the following recommendations to the Bureau of Prisons:

(1) that the defendant be considered for incarceration at a federal facility at FCP Montgomery in Alabama.

The defendant is to voluntarily surrender to the institution designated by the Bureau of Prisons on or after February 28, 2025, as notified by his pretrial services officer, the U.S. Marshal, or the Bureau of Prisons directly. If there are any violations of the conditions of the defendant's bond, he will be taken into custody and the voluntary surrender portion of the Court's sentence will be summarily vacated.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

_____
United States Marshal

By: _____
Deputy U.S. Marshal

Case 2:24-cr-00008-JPS    Filed 01/28/25    Page 2 of 6    Document 37

Defendant: Mohammed Kazim Ali
Case Number: 24-CR-8-JPS-2

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of two (2) years as to Count Five of the Indictment. The defendant shall comply with the following special conditions:

1. Within 72 hours of release from the custody of the Bureau of Prisons, the defendant shall report in person to his supervising probation officer in the district to which the defendant has been released.
2. The defendant shall not commit another federal, state, or local crime.
3. The defendant shall not possess any firearms or other dangerous weapons.
4. Pursuant to the Violent Crime Control and Law Enforcement Act of 1996, the defendant shall not illegally possess or unlawfully use any controlled substance. The Court finds there is a low risk of future substance abuse by the defendant and therefore suspends the drug testing requirements.
5. The defendant must reside at a residence approved by his supervising probation officer.
6. The defendant shall notify his supervising probation officer at least ten days prior to any change in the place of his residence. When such notification is not possible, the defendant shall notify his supervising probation officer within 72 hours of the change.
7. The defendant shall notify his supervising probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
8. The defendant shall follow the reasonable instructions of his supervising probation officer and answer all inquiries of such officer subject to the defendant's Fifth Amendment right against self-incrimination.
9. The defendant shall permit his supervising probation officer to visit him at reasonable times at home, or such other location as may be mutually agreed upon and shall permit confiscation of any contraband observed in plain view by his supervising probation officer.
10. The defendant shall not associate with any persons known by him to be engaged or planning to be engaged in criminal activity. "Associate" as used here means to communicate, meet, reside, socialize, or otherwise interact with such person.
11. The defendant shall not knowingly leave the judicial district to which he has been released without the permission of the Court or his supervising probation officer.
12. The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the prior approval of the Court.

Defendant: Mohammed Kazim Ali
Case Number: 24-CR-8-JPS-2

In accordance with the recent decisions by the United States Court of Appeals for the Seventh Circuit in *United States v. Siegel*, 753 F.3d 705 (7th Cir. 2014), *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), *United States v. Kappes*, 782 F.3d 828 (7th Cir. 2015), *United States v. Downs*, 784 F.3d 1180 (7th Cir. 2015), *United States v. Poulin*, 809 F.3d 924 (7th Cir. 2016), *United States v. Ortiz*, 817 F.3d 1180 (7th Cir. 2016), *United States v. Hill*, 818 F.3d 342 (7th Cir. 2016), and their progeny, the Court withheld imposition of any additional conditions of supervised release. The Court concluded that such additional conditions, if any, are best left for further consideration at such time as the defendant may become eligible for release from the custodial portion of the Court's sentence.

Defendant: Mohammed Kazim Ali
Case Number: 24-CR-8-JPS-2

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6.

|            | **Special Assessment** | **Fine**    | **Restitution**        |
|------------|------------------------|-------------|------------------------|
| **Totals**: | $100.00               | $75,000.00  | $2,246,285.00 (paid)   |

## FINE

The Court determines that the defendant does not have the financial ability to pay the interest on the fine, costs of incarceration, costs of community confinement, and supervision, and therefore waives the interest on the fine, costs of incarceration, costs of community confinement, and supervision in this case.

A waiver of the cost of community confinement does not preclude the Bureau of Prisons from imposing a subsistence fee of up to twenty-five percent (25%) of gross income, based on ability to pay, for any portion of the sentence spent in a community correctional facility.

## RESTITUTION

The defendant shall pay restitution in the amount listed below. Restitution shall be joint and several with Justin Hanson. Restitution payments have been paid in full as of October 29, 2024, in the amounts listed below to the following payees:

| PAYEE    | AMOUNT                                          |
|----------|-------------------------------------------------|
| Medicare | $1,917,464.00 (paid in full as of October 2024) |
| Medicaid | $328,821.00 (paid in full as of October 2024)   |

## FORFEITURE

The defendant shall forfeit the defendant's interest in the following property to the United States: None.

Defendant: Mohammed Kazim Ali
Case Number: 24-CR-8-JPS-2

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment, and (2) restitution.

If this judgment imposes a period of imprisonment, payment of the criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons Inmate Financial Responsibility Program are to be made as directed by the Court, the defendant's supervising probation officer, or the United States Attorney.